IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROVER PIPELINE LLC,

        Plaintiff,                      17cv0170
                                          ELECTRONICALLY FILED

            v.

THE OLD WILSON FARM LAND TRUST,
*Lawrence E. Bolind, Jr., Trustee*,
(owner of PA-WA-HL-020.000),

        Defendant.

## MEMORANDUM OPINION

Presently before this Court is Plaintiff's Motion for Partial Summary Judgment and Immediate Access and Possession of Easements to be Condemned ("Motion for Partial Summary Judgment") (doc. no. 6), filed on February 7, 2017. Plaintiff also filed a Motion for an Expedited Hearing on its Motion for Partial Summary Judgment (doc. no. 10) on that same date. On March 1, 2017, the Court ordered Defendants to file a Response to the Motion for Partial Summary Judgment by March 7, 2017. See doc. no. 34.

In the interim, Plaintiff entered into agreements with all of the Defendants – except one, the Old Wilson Farm Land Trust ("Old Wilson Farm") – giving Plaintiff the right to immediate entry onto the land of each Defendant as identified in Plaintiff's Complaint.[1] See doc. nos. 1 and 32. Thus, the only Defendant obligated to file a Response to Plaintiff's Motion for Partial

---

[1] As a result of the agreements that Plaintiff and all but one Defendant entered into, this Court denied Plaintiff's Motion for Expedited Hearing as moot (doc. no. 36); and instead, chose to list the case for trial (see Pretrial Order at doc. no. 35), but limited the trial to the issue of whether Plaintiff had a right to immediate entry and access to the Old Wilson Farm's tract of land. See doc. no. 37.

Summary Judgment, was the Old Wilson Farm.[2] No such Response was filed on behalf of the Old Wilson Farm.

## I. STANDARD OF REVIEW

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both: (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.*, depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving

---

[2] Importantly, counsel for the Old Wilson Farm, entered his appearance on February 17, 2017, well in advance of this Court's Order (doc. no. 34) requiring Defendants to respond Plaintiff's Motion for Partial Summary Judgment on March 7, 2017. Because counsel for the Old Wilson Farm is registered on ECF, this Court has confirmed that he received an electronic copy of this Order on the day that it was filed via email.

party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004), quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001), quoting Celotex, 477 U.S. 317, 325 (1986).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the Court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007), citing *Anderson*, 477 U.S. at 255.

## II. BACKGROUND

The following facts are uncontested and relevant:

On February 2, 2017, the Federal Energy Regulation Commission (hereinafter "FERC") granted Plaintiff a certificate of public convenience and necessity (hereinafter the "FERC Certificate") under the Natural Gas Act, 15 U.S.C.A. § 717, authorizing Plaintiff to construct, install, and maintain a new interstate 24" to 42" diameter pipeline extending over approximately 713 miles. This new pipeline system is designed to add 3,250,000 dekatherms per day of new pipeline capacity to industrial and residential users.

The portion of the pipeline which pertains to Plaintiff and the instant lawsuit (hereinafter, "the Rover Pipeline") will transport gas from receipt points in the Marcellus and Utica shale supply areas in West Virginia, Pennsylvania, and Ohio, to delivery points along Mainlines "A" and "B," which will mostly run parallel from Harrison County, Ohio, to the Midwest Hub in Defiance County, Ohio. The Rover Pipeline Project represents an approximate $4.2 billion investment of private funds for public infrastructure under the Natural Gas Act.

Plaintiff brought this condemnation action pursuant to the Natural Gas Act, 15 U.S.C. § 717 and Federal Rule of Civil Procedure 71.1, in order to acquire easements over much of the land affected by the Rover Pipeline. Defendants to this action own real property located in Washington County, Pennsylvania, over which Plaintiff is seeking easements necessary to construct and install the Rover Pipeline system. The easements Plaintiff seeks through this lawsuit from the Defendants (a) consist of fifty-foot permanent easements, across the tracts to be traversed by a single Rover pipeline, and (b) a sixty-foot permanent easement across the tracts to be traversed by dual Rover pipelines, temporary construction easements, temporary and permanent access easements, and surface site easements as more particularly described in the FERC Certificate and the exhibits attached to Plaintiff's Complaint.

Prior to any actual pipeline construction activities, Plaintiff must fell all trees along the Rover Pipeline route. In accordance with the applicable laws, Rover must adhere to the U.S. Fish & Wildlife Service tree felling timeframe which extends from October 1st to March 31st of 2017.

## III. DISCUSSION

Federal condemnation actions under the Natural Gas Act require that Plaintiff first establish that it has a substantive right to condemn the property at issue. Plaintiff's Motion for Partial Summary Judgment seeks a finding from this Court that it has a substantive right to condemn the property which it secured through its FERC Certificate and that the only remaining issue is that of just compensation.

### A. No Response from Defendant

The Old Wilson Farm – the only Defendant which was required to respond to Plaintiff's Motion for Partial Summary Judgment (because all other Defendants reached agreements with Plaintiff) – failed to file a Response to the Motion, in contravention of this Court's Order. See doc. no. 34.

As noted above, the burden of establishing the nonexistence of a "genuine issue of material fact" rests with Plaintiff – the party, here, who is moving for partial summary judgment. Plaintiff may satisfy its burden by either: (1) offering affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.

Without a Response from the Old Wilson Farm, the Court finds that there are no "genuine disputes of material fact." Fed. R. Civ. P. 56(a). For this reason alone, the Court will grant Plaintiff's Motion for Partial Summary Judgment and Immediate Access and Possession of Easements to be Condemned.

**B. Substance of Motion for Partial Summary Judgment**

However, the Court will consider the substance of the Motion for Partial Summary Judgment as follows:

To condemn easements in connection with the construction of a pipeline, a natural gas company must demonstrate that: (1) it holds a FERC certificate of public convenience and necessity, (2) the rights-of-way to be condemned are necessary for the construction, operation, and maintenance of the pipeline, and, (3) it has been unable to acquire the proposed rights-of-way from the landowner. *See* 15 U.S.C. § 717f(h) ("When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, . . . it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts."). Accordingly, a certificate of public convenience and necessity gives its holder the ability to obtain automatically the necessary right of way through eminent domain, with the only remaining issue being the just compensation the landowner defendant will receive in return for the easement. *Columbia Gas Transmission, LLC v. 1.01 Acres, More or Less in Penn Twp., York Cty., Pa., Located on Tax ID #£440002800150000000 Owned by Brown*, 768 F.3d 300, 304 (3d Cir. 2014).

Here, it is irrefutable that the FERC Certificate was issued to Plaintiff on February 2, 2017. See doc. no. 1-3. Through several of its filings, Plaintiff has repeatedly indicated that it needs to acquire all of the easements in order to install, construct, and maintain the Rover Pipeli6ne Project. See doc. nos. 1, 7, 32, and 43. The Court finds that the rights-of-way to be

condemned are necessary for the construction, operation, and maintenance of the Rover Pipeline. Time is of the essence because Plaintiff must complete the felling of trees along the Rover Pipeline route on or before March 31st in order to comply the U.S. Fish & Wildlife Service tree felling timeframe. The Court further finds that the Rover has attempted to enter into agreements for immediate access with all of the Defendants to the instant action as is evidenced by the fact that all but one – the Old Wilson Farm – entered into agreements granting Plaintiff immediate access.

Based upon the FERC Certificate, and the undisputed evidence presented by Plaintiff, this Court finds that Plaintiff has satisfied the threshold requirements under the Natural Gas Statute (15 U.S.C. § 717f(h)) and has established its right to eminent domain. Accordingly, the only issue to be tried in this action is the determination of just compensation with respect to all of the Defendants.

### C. Plaintiff's Renewed Motion to Expedite Hearing

Plaintiff filed a Renewed Motion to Expedite Hearing on Motion for Partial Summary Judgment and for Immediate Possession of the Easements to be Condemned (doc. no. 43) claiming that the April 20, 2017 trial date to litigate Plaintiff's right of immediate access to the Old Wilson Farm parcel set by the Court in its Pretrial Order (doc. nos. 35 and 36) post-dated the March 31st tree felling timeframe, and thus, was too far in the future. Doc. no. 43, p. 2. The Court will deny this Motion as moot, as the Order granting Plaintiff's Motion for Partial Summary Judgment provides to Plaintiff the property rights as described in the Verified Complaint as to the Old Wilson Farm.

## IV. CONCLUSION

Plaintiff's Motion for Partial Summary Judgment and Immediate Access and Possession of Easements to be Condemned (doc. no.6) will be granted and Plaintiff's Renewed Motion to Expedite Hearing (doc. no. 43) will be denied as moot.   An appropriate Order follows.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All ECF Counsel of Record